IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)
Case No. 3:17-cv-215-DJH

JOHN T. BAKER                                                    PLAINTIFF
211 Marksfield Circle, Apt. 3
Louisville, Kentucky 40222

v.

EQUIFAX INFORMATION SERVICES, LLC                               DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:     CSC-Lawyers Incorporating Service Co.
                    421 W. Main St.
                    Frankfort, KY 40601
                    (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, John T. Baker, and for his Verified Complaint against the Defendant,

Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation, and violations of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of

and Defendant's failure to investigate Plaintiff's dispute regarding an alleged state tax lien.

### II. PARTIES

2.     Plaintiff, John T. Baker, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 211 Marksfield Circle, Apt. 3, Louisville, Kentucky

40222.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

8.      In February 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax credit report and discovered that Equifax was reporting a Kentucky state tax lien in the approximate amount of $14,590.  The tax lien belongs to John L. Baker, Plaintiff's father.

9.      Immediately upon his discovery of the tax lien on his Equifax credit report, Plaintiff disputed the reporting of the alleged tax lien.  Specifically, Plaintiff advised Equifax that the tax lien does not belong to him and that it should be deleted from his Equifax credit report.

10.     In March 2017, Plaintiff received Equifax's dispute results in which Equifax

verified the accuracy of its reporting of the state tax lien.

11.     Equifax's false reporting and its failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiffs' dispute.

## V.  CLAIMS

### Negligence – Equifax

12.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.     Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the tax lien from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the lien, was negligent.

14.     In failing to properly investigate Plaintiff's dispute of the tax lien, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

15.     Equifax's negligent failure to properly investigate Plaintiff's dispute of the tax lien and its consequent failure to remove the lien from Plaintiffs' Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

16.     Equifax's failure to properly investigate Plaintiff's dispute of the tax lien and its consequent failure to remove the lien from Plaintiff's credit report, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

17.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 16 as if fully set forth herein.

18.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiffs' credit report is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

21.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

24.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, John T. Baker, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, John T. Baker, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

John T. Baker


COMMONWEALTH OF KENTUCKY         )

                                   ) SS

COUNTY OF JEFFERSON                )

Subscribed, sworn to and acknowledged before me by John T. Baker this 3rd day of April, 2017.

_____

Notary Public

Commission expires: 10-31-2019

6